UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL. P. BRISK,<br><br>           Plaintiff,<br><br>     v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>           Defendant. | Case No.  1:21-cv-00430-BAM<br><br>**ORDER GRANTING MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**<br><br>(Doc. 27) |

**I.     Introduction**

Jonathan Pena ("Counsel"), attorney for Carl P. Brisk ("Plaintiff"), filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b) on February 29, 2024.  (Doc. 27.)  Although served with a copy of the motion, (Doc. 28), Plaintiff did not file a response.  On March 7, 2024, the Commissioner filed a response to the motion, indicating the Commissioner neither supports nor opposes the request for attorney's fees.  (Doc. 29 at 3.)

Having considered the motion and record in this case, the Court will grant the motion in the amount of $26,593.75, subject to an offset of $533.18 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

///

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

1

## II. Relevant Background

Plaintiff, through Counsel, filed this action challenging the denial of social security benefits on March 15, 2021. (Doc. 1.) On May 9, 2022, pursuant to the parties' stipulation, the Court remanded the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23.) Judgment was entered in Plaintiff's favor. (Doc. 24.) On August 8, 2022, the Court approved the parties' stipulation to award Plaintiff attorney fees of $7,017.76 pursuant to the EAJA. (Doc. 26.)

On remand, an administrative law judge issued a favorable decision. (Doc. 27 at 3.) The Commissioner then issued a Notice of Award indicating that the Social Security Administration withheld $26,593.75 from Plaintiff's past-due benefits to pay his representative. (Doc. 27 at 3; Doc. 27-1, Ex. A.) Based on the withholding, Counsel calculates the total past-due benefits as $106,375.00. (Doc. 27 at 3.) Counsel previously was awarded $7,017.76 in EAJA fees, but received only $533.18. (Doc. 27 at 3, Declaration of Jonathan Pena ¶ 10 ("Counsel was previously awarded an EAJA fee of $7,017.76. However, counsel only received $533.18.") and Ex. D.) Counsel intends to refund to Plaintiff the $533.18 previously awarded in EAJA fees. (Doc. 27 at 6.)

Counsel seeks approval of attorney fees in the total amount of $26,593.75, which is equal to 25% of the amount withheld by the Commissioner. Out of this amount, Counsel will refund to Plaintiff EAJA fees previously awarded in the amount of $533.18. (Doc. 27 at 6.) Plaintiff retained Counsel to represent Plaintiff in federal court in an appeal from the administrative denial of disability benefits, and agreed to pay Counsel a contingent fee of 25% of any past due benefits obtained for that federal court work. (*Id.* at 4-5; Doc. 27-2, Ex. B.)

Counsel contends that the 25% fee amount is reasonable considering the favorable outcome for Plaintiff, ultimately resulting in remand for further administrative proceedings and a significant award of past due benefits. (Doc. 27 at 5.) As noted, Plaintiff did not file any objection to Counsel's request.

## II. Legal Standard

An attorney may seek an award of fees for representation of a Social Security claimant

who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants in court). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Gisbrecht*, supra, 535 U.S. at 807.  "[A]n award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA." *Jones v. Comm'r of Soc. Sec.,* No. 1:17-cv-00846-SAB, 2021 WL 84401, at *2 (E.D. Cal. Jan. 11, 2021) (citing *Gisbrecht*, 535 U.S. at 796).

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, the Court finds Counsel's requested fees to be reasonable. In support of the motion for attorneys' fees under 42 U.S.C. § 406(b), Counsel attached the contingent fee agreement which provided for a contingent fee of 25% of the past-due benefits.  (Doc. 27-2, Ex. B.)  Counsel accordingly accepted the risk of loss in the representation.  As a result of Counsel's work before the Court, the matter was remanded for further proceedings and the Commissioner awarded Plaintiff benefits. Plaintiff's counsel provided a copy of the motion for attorney's fees to Plaintiff. (Doc. 28.)

Although served with the motion, Plaintiff did not challenge the requested fees, which attests to their reasonableness.

Additionally, there is no indication counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff was able to secure a remand for further proceedings at the district court level and a subsequent award of past-due benefits.  The Court notes that the Commissioner stipulated to remand after Plaintiff filed an opening brief in this action.  (Docs. 20, 22, 23.)  There is no indication that the fees requested are excessively large in relation to the benefits received.  Counsel expended a total of 30.4 hours while representing Plaintiff before the district court. (Doc. 27 at 5; Pena Decl. ¶ 8; Doc. 27-3 (itemization of time).)  The effective hourly rate requested equals $874.79 per hour. (*See* Doc. 27 at 5; Pena Decl. ¶ 9.)  This hourly rate is not excessive when compared to what district courts in the Ninth Circuit have approved in cases involving social security contingency fee arrangements.  *See Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding effective hourly rate of $2,307.69 per hour not excessive).

Accordingly, the Court finds the fees sought by Counsel are reasonable in light of the results achieved in this action.  An award of attorney's fees pursuant to section 406(b) in the amount of $26,593.75 is appropriate, but must be offset by any prior award of attorney's fees granted under the EAJA.  *Gisbrecht*, 535 U.S. at 796.  As Plaintiff was previously awarded $7,017.76 in fees pursuant to EAJA, but received only $533.18, Counsel shall refund the amount of $533.18 to Plaintiff.

**IV.    Conclusion and Order**

Based upon the foregoing, the Court ORDERS:

1. Counsel's motion for attorney fees under 42 U.S.C. § 406(b) (Doc. 27) is GRANTED;

2. The Court approves an attorney fee award of $26,593.75 pursuant to 42 U.S.C. § 406(b), subject to an offset of the prior EAJA fee award received by Counsel;

///

3. Plaintiff's counsel shall compensate Plaintiff in the amount of $533.18 as an offset for fees previously awarded and received pursuant to the EAJA.

IT IS SO ORDERED.

Dated: **April 9, 2024**             /s/ *Barbara A. McAuliffe*            
                                   UNITED STATES MAGISTRATE JUDGE